IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CHELSEA DAWSON**                                                                 **PLAINTIFF**

v.                                    No. 4:22-cv-1277-DPM

**GM FINANCIAL**                                                                   **DEFENDANT**

## ORDER

Chelsea Dawson bought a Dodge Challenger in May 2022. She, like most people, purchased her car on credit. She made a $3,000.00 down payment and financed the remaining purchase price and various charges. *Doc. 2 at 17-18.* Within months, she soured on the deal. Dawson submitted complaints to the Consumer Financial Protection Bureau and the Better Business Bureau before filing this lawsuit against GM Financial, her creditor. She says that GM Financial violated the Truth in Lending Act. GM Financial moves to dismiss, arguing that Dawson has failed to state a claim.

The factual allegations in the complaint are thin. It appears that Dawson has alleged that GM Financial violated the Act in three ways.

First, she says that GM Financial charged her a down payment for a finance charge in violation of 15 U.S.C. § 1605(a). *Doc. 2 at 12.* But nothing in the Act prohibits the collection of down payments. Dawson's down payment reduced the amount of money she needed to

borrow to purchase her car. That, in turn, reduced her finance charge. She has failed to state a claim.

Second, Dawson says that GM Financial didn't include her cost of property damage and liability insurance in the finance charge in violation of 15 U.S.C. § 1605(c). *Doc. 2 at 12*. Dawson doesn't allege that she obtained any insurance from GM Financial. The signed contract attached to her complaint shows that she did not. *Doc. 2 at 18*. Premiums for insurance need not be included in the finance charge if the creditor discloses that the insurance may be obtained from a person of the consumer's choice. 12 C.F.R. § 226.4(d)(2)(i). That fact is disclosed in Dawson's contract. *Doc. 2 at 18*. She has failed to state a claim.

Third, Dawson says that GM Financial failed to notify her of her rights of rescission in violation of 15 U.S.C. § 1635(a). But she didn't have any right to rescind her vehicle purchase under the Act, which provides such a right if a person gives the lender a security interest in her principal dwelling. 15 U.S.C. § 1635(a). Dawson did not do so as part of buying her Charger. *Doc. 2 at 19*. She has failed to state a claim.

\*   \*   \*

GM Financial's motion to dismiss, *Doc. 9*, is granted as modified. Dawson's complaint will be dismissed without prejudice.

- 3 -

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

21 February 2024